IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| MELANIE Z.,[1] | ) |
| Plaintiff, | ) ) ) ) |
| v. | )   Civil Action No. 3:23-CV-425 (RCY) |
| MARTIN O'MALLEY,[2] *Commissioner of the Social Security Administration*, | ) ) ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION**
**(Adopting Report and Recommendation of the Magistrate Judge)**

Plaintiff Melanie Z. challenges the Social Security Administration Commissioner's ("Commissioner" or "Defendant") final decision to deny her Title II application for disability insurance benefits. On August 8, 2024, the Magistrate Judge issued a Report and Recommendation ("R&R") on the parties' cross-motions for summary judgment (ECF No. 14). The R&R recommended that the Court (1) grant the plaintiff's motion for summary judgment; (2) deny the Commissioner's motion for summary judgment; (3) reverse the final decision of the Commissioner; and (4) remand the case for further administrative proceedings. No party objected to the Magistrate Judge's substantive findings and disposition of the motions. Plaintiff only objects to the Magistrate Judge's recommendation of the appropriate remedy—specifically, remand for

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts refer to claimants by their first names and last initials in social security cases.

[2] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Federal Rule of Civil Procedure 25(d), he has been substituted for former Acting Commissioner Kilolo Kijakazi as the Defendant in this action.

further proceedings—arguing instead for remand solely for payment of benefits.[3]  For the reasons that follow, the Court will overrule Plaintiff's objection and will adopt the Magistrate Judge's R&R in full.

## I. STANDARD OF REVIEW

A district court reviews *de novo* any part of a Magistrate Judge's disposition to which a party has properly objected.  Fed. R. Civ. P. 72(b)(3); *Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985).  Notably, as long as the "grounds for objection are clear, district court judges must consider them *de novo*, or else run afoul of both § 636(b)(1) and Article III."  *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023).  In conducting *de novo* review, a court analyzes the Commissioner's final decision using the same standard as that used by the Magistrate Judge.

Any portion of an R&R not properly or specifically objected to is subject only to clear error review.  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Upon concluding its review, a court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).

## II. ANALYSIS

As a preliminary matter, the Court has reviewed the unobjected-to portions of the R&R for clear error and, finding none, finds it appropriate to adopt those portions of the R&R and so grant Plaintiff's Motion for Summary Judgment and deny Defendant's Motion for Summary Judgment. This leaves only the question of the appropriate remedy.

---

[3] Though, somewhat confusingly, in her Objection's prayer for relief, Plaintiff lists both "(C) Find that remand to the Defendant for the purpose of payment of benefits to Plaintiff . . . is the appropriate remedy; or, (D) Remand the matter to the Defendant for such other and further relief as this Honorable Court deems just and equitable." *See* Objection 6, ECF No. 15; *see also* Reply Supp. Pl.'s Obj. 4, ECF No. 17 (asking the Court to order payment to Plaintiff or "in the alternative . . . remand the claim to the Commissioner for a new hearing . . . .").

Plaintiff objects to the remedy recommended by the Magistrate Judge on the ground that "the R&R does not fully assess the question of whether Plaintiff's case actually represents" one of those rare or unusual circumstances where remand solely for payment of benefits is appropriate. Obj. 2. The Court must therefore assess *de novo* whether the case, in fact, does.

Section 405(g) of the Social Security Act authorizes a district court to reverse the administrative decision, "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). "[I]t is only in those cases . . . where it is clear that there is no account on which substantial evidence would support a denial of coverage . . . that a court may exercise its discretion to direct the award of benefits as a remedy for a failure to explain." *Carr v. Kijakazi*, 2022 WL 301540, *4 (4th Cir. Feb. 1, 2022) (citing *Radford*, 734 F.3d at 296).

Here, the record reflects contradictory evidence concerning Plaintiff's disability. Plaintiff's subjective descriptions and complaints regarding her limitations, plus Dr. Creekmore's opinions, certainly counsel in favor of a finding of disability. However, this evidence must be *properly* weighed against the remainder of the record evidence, to include the numerous assessments and evaluations where such complaints were largely uncorroborated,[4] coupled with Plaintiff's many years of conservative treatment. The Court is not the body designated to conduct such weighing, unfortunately. *See Radford*, 734 F.3d at 296 ("[I]t is not our province to 'reweigh

---

[4] To be sure, Dr. Creekmore provided explanations for the apparent contradiction presented by Plaintiff's subjective reports and her clinical presentations, *see, e.g.*, R. at 6330–31; such testimony—like the rest—must be considered in determining to what extent, if any, her treating source opinions should be accorded less-than-controlling weight.

conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ].'" (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012))).  And although the Court is sympathetic to Plaintiff's frustration at the drawn-out nature of this process, given the fact that the ALJ appears to have ignored the clear directives of the Appeals Council on the last remand, *see* R&R nn. 8, 10 (highlighting where the ALJ repeated the same errors identified for correction in the Appeal Council's remand order), such sympathy cannot change the fact that this is not a case where the Court can definitively say that "the record *does not* contain substantial evidence to support a decision denying coverage under the correct legal standard."  *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974) (emphasis added).[5]

Notably, the record is incomplete insofar as the ALJ did not consider the necessary factors in according Dr. Creekmore's opinion less-than-controlling weight.  *See* 20 C.F.R. § 404.1527(c).  This is not a gap that the Court may fill on its own, *Radford*, 734 F.3d at 296, and without a proper determination of the weight to be accorded Dr. Creekmore's opinions, the Court must agree with the Magistrate Judge that "Plaintiff's disability and entitlement to benefits is not clearly established."  R&R 26; *see Radford*, 734 F.3d at 296 (vacating district court's direct award of benefits in light of "ambivalence" of record and "conflicting evidence" as to disability).

For the foregoing reasons, the Court agrees with the Magistrate Judge's reasoning and conclusions with respect to the appropriate remedy in the case at bar.  Thus, finding the R&R to

---

[5] Plaintiff attempts to invoke an alternative, equitable exception to the general rule of remand over direct award, and that is "where the delay involved in repeated remands has become unconscionable, or the agency has displayed obduracy in complying with the law as set down by the court."  Obj. 5 (quoting *Worzalla v. Barnhart*, 311 F. Supp. 2d 782, 800 (E.D. Wis. 2004)).  Applicable though this may appear to the procedural history of Plaintiff's case, this exception comes from Seventh Circuit case law, and the Court can find no basis in Fourth Circuit precedent for applying it here.  In fact, the Fourth Circuit has made clear that the length of the process alone is insufficient cause to direct an award of benefits, even where that process includes prior remand.  *Breeden*, 493 F.2d at 1011–12; *see also Carr*, 2022 WL 301540, *5 ("We appreciate that this case has dragged on for many years, currently on its third remand to the agency.  And we acknowledge Carr's concern that health issues may affect his ability to participate in proceedings going forward.  But as the district court explained, these are not grounds for directing an award of benefits in the absence of a finding that a claimant is indeed disabled.").

be well-reasoned and supported by the record and applicable law, the Court will adopt the R&R in full.

### III. CONCLUSION

Having reviewed the record *de novo*, the Court will overrule Plaintiff's objection to the Magistrate Judge's R&R, adopt the R&R in full, grant the Plaintiff's Motion for Summary Judgment, deny the Commissioner's Motion for Summary Judgment, reverse the final decision of the Commissioner, and remand the case for further administrative proceedings.

An appropriate Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date: September 23, 2024
Richmond, Virginia